# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Katryna L. Damgaard as parent and natural guardian of I.L.D., <br><br> Plaintiff, <br><br> v. <br><br> Avera McKennan, <br><br> Defendant. | Case No. 13-cv-2192 (SRN/JSM) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Gerald D. Jowers, Jr., Kenneth M. Suggs, Patrick Andrew Thronson, and Robert S. Lewis, Janet, Jenner & Suggs, LLC, 1777 Reisterstown Rd., Ste. 165, Baltimore, MD 21208, and Wilbur W. Fluegel, Fluegel Law Office, 150 South 5th St., Ste. 2525, Minneapolis, MN 55402, for Plaintiff.

Cecilie M. Loidolt, Jessica L. Klander, Kelly A. Putney, Sarah M. Hoffman, Christine E. Hinrichs, Mark R. Bradford, Bassford Remele, PA, 33 South 6th St., Ste. 3800, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Avera McKennan's Bill of Costs [Doc. No. 426] and Plaintiff Damgaard's Objections to Defendant's Bill of Costs ("Pl.'s Objections") [Doc. No. 428]. For the reasons set-forth below, Plaintiff's Objections are sustained and Defendant's Bill of Costs is denied.

## I.   BACKGROUND

I.L.D. is a five-year-old child who suffers from spastic quadriplegic cerebral palsy resulting in severe physical and mental disabilities. (Declaration of Patrick Thronson

("Thronson Decl.") [Doc. No. 429], Ex. 1 ("Damgaard Aff.") at 1 [Doc. No. 429-1].[1]) I.L.D. has suffered from these disabilities since her birth and will likely remain "completely and permanently disabled" with "no prospect of employment or independent living." (Damgaard Aff. at 1–2.) I.L.D. cannot stand or walk independently, cannot communicate beyond a few words, and is incapable of caring for herself. (Id.) She is entirely dependent on her mother, Katryna Damgaard ("Katryna"). (Id. at 2.) Katryna must provide round-the-clock care for I.L.D., as well as care for her other child, J.T. (who suffers from intellectual disabilities), and thus is not employed and has no employment prospects. (Id. at 1–2.) I.L.D.'s father is not involved in her life and does not pay child support. (Id. at 2.)

Neither I.L.D. nor Katryna have any appreciable savings or assets besides a late model minivan Katryna uses to transport I.L.D. to her numerous medical appointments. (Id. at 2.) The Damgaard family relies on government welfare benefits to meet nearly all their monthly expenses. (Id. at 2–3.)

Katryna, on behalf of I.L.D., brought a medical malpractice claims against Defendant alleging that the negligence of Defendant's employee, Dr. Mary Olson, in the labor and delivery of I.L.D. lead to her injuries. (See Second Am. Compl. [Doc. No. 220].) Most of her claims survived summary judgment. (See Order dated June 3, 2015 [Doc. No. 210].) A jury ultimately found in favor of the Defendant. (See Judgment dated March 11, 2016 [Doc. No. 425].)

---

[1] Multiple, individually paginated exhibits were included as a single attachment to the Thronson Declaration. (See Doc. No. 429-1.) For the sake of clarity, the Court refers to specific exhibits as they are listed in the Thronson Declaration and cites to the ECF page numbers of Doc. No. 429-1.

Defendant now seeks to tax approximately $33,000 in costs against I.L.D. and/or Katryna. (See Bill of Costs.) The majority of these costs are deposition transcription and copying fees. (See id.) I.L.D. objects to the Bill of Costs on two bases. First, she asks that in light of her indigent circumstances, the Court exercise its discretionary powers to deny the taxation of costs entirely. (Pl.'s Objections at 1–6.) Second, she argues that Defendant is not statutorily entitled to many of the costs it seeks. (Id. at 7–11.) Defendant did not file a response to Plaintiff's Objections within the allotted time. See D. Minn. L.R. 54.3(c)(1)(C) (requiring any response to objections to a bill of costs be filed within seven days of the objections).

## II.  DISCUSSION

To combat the problem of "losing litigants . . . being unfairly saddled with exorbitant fees," Congress enacted a statutory scheme that "comprehensively regulated fees and the taxation of fees as costs in the federal courts." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 440 (1987) (quotations omitted). That statute and its related Federal Rule of Civil Procedure give federal district courts the discretion to tax certain costs associated with litigation. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Courts may tax costs authorized under 28 U.S.C. § 1920 or another applicable statute. See Crawford Fitting Co., 482 U.S. at 442–45; Mountain Mktg. Grp., LLC v. Heimerl & Lammers, LLC, No. 14-cv-846 (SRN/BRT), 2016 WL 424964, at *1 (D. Minn. Feb. 3, 2016); Veliz v. City of Minneapolis, No. 07-cv-2376 (RHK/JJK), 2009 WL 483854, at *2 (D. Minn. Feb. 25, 2009).

The prevailing party in litigation is presumptively entitled to its statutorily allowed costs, but courts have wide discretion in awarding costs generally. See Smith v. Tenet

Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).  For instance, a court may refuse to tax costs if the non-prevailing party is indigent.  Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason . . . .").  Courts routinely refuse to tax costs where the non-prevailing party is unable to pay those costs and did not bring a frivolous suit.  See Daniels v. Tyler, No. C 13-4068-MWB, 2014 WL 7343461, at *3 (N.D. Iowa Dec. 23, 2014) ("[P]laintiff's very limited financial resources here and her inability to pay any costs without serious financial hardship, to herself and the children that she supports, present appropriate circumstances in which to deny an award of costs in their entirety."); Thull v. Techtronic Indus. Co., No. 11-cv-2368 (PJS/LIB), 2015 WL 1021316 (D. Minn. Mar. 9, 2015) (refusing to tax costs against an indigent party where that party's claims, although not ultimately successful, were not frivolous); Kaplan v. Mayo Clinic, No. 07-cv-3630 (JRT/JJK), 2011 WL 3837095 (D. Minn. Aug. 29, 2011) (denying the taxation of costs against an indigent non-prevailing party whose suit was not frivolous).  "To overcome the presumption of taxation, the losing party must give the Court 'specific reasons explaining why . . . it would be inappropriate or inequitable to award costs.'"  Kaplan, 2011 WL 3837095 at *1 (quoting Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1038 (9th Cir. 2005)).

It is neither equitable nor appropriate to tax costs in this case.  I.L.D. and Katryna are plainly indigent and likely to remain so into the foreseeable future.  See Kaplan, 2011 WL 3837095 at *2 (parties looking to avoid a taxation of costs must show they are presently unable to pay those costs and are likely to remain unable to pay into the future).  The

Damgaard family's financial circumstances are dire with the welfare benefits they receive being consumed by their basic subsistence needs. See Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006) (requiring that a non-prevailing party seeking to avoid the taxation of costs provide evidence of his/her "dire financial circumstances"). I.L.D.'s suit against Defendant was not frivolous; it survived summary judgment and was tried to a jury. A taxation of costs is unwarranted under these circumstances.[2]

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Bill of Costs [Doc. No. 428] are **SUSTAINED**.

2. Defendant's Bill of Costs [Doc. No. 426] is **DENIED**.

3. The Clerk of Court shall not tax any costs against the Plaintiff in this matter.

Dated: April 29, 2016

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

[2] The Court notes that even if it were to tax costs, Defendant would not be statutorily entitled to all of the costs it claims. For instance, Defendant seeks thousands of dollars for expedited witness deposition transcripts. (See, e.g., Decl. of Sarah Hoffman at ¶ 1(e), (h), (k), (m), (n) [Doc. No. 427].) The costs of expedited transcripts obtained solely for the convenience of counsel are not taxable. See District of Minnesota Bill of Costs Guide, July 2015 at 6 (the Court cites to the page numbers as they appear in http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf). To be entitled to the costs of expedited transcripts, the requesting party must provide an explanation as to why it was necessary to produce the transcript in an expedited manner. Defendant provided no explanation for why it needed to obtain these transcripts in an expedited fashion.